April 22, 1907.

———o———

No. 4205.

(Court of Appeal, Parish of Orleans.)

MRS. THOMAS J. McTAGUE vs. THOMAS J. McTAGUE.

1. An appeal does not lie from an interlocutory decree which does not cause an irreparable injury.
2. A decree ordering a natural tutrix to deposit in the registry of the Court funds received by her for account of her minor children is an interlocutory decree which does not work irreparable injury.

Appeal from Civid District Court, Division "D."

Edward P. Kleinert, Appellee.

275

L. DePoorter & Geo. Montgomery, Appellant.

DUFOUR, J. After a partition sale of certain real estate, the lower Court, on August 9th, 1906, ordered that the proceeds thereof, with the exception of the amount accruing to Mrs. McTague, be turned over to the notary to whom the partition had been referred to be paid by him to the respective parties according to the act of partiion which had been homologated.

It was further ordered that the amount accruing to Mrs. McTague be reserved in the registry of the Court subject to be invested under orders of the Court, the same to be subject to the general and special mortgage protecting the rights of the minor children against Mrs. McTague, their natural tutrix. In consequence of this order, the tutrix received the amount allotted to the minors in the act of partition. On February 8th, 1907, on a rule taken by a judgment creditor of Mrs. McTague, the Court revoked the order of August 9th, 1906, and ordered Mrs. McTague to deposit in the registry of the Court the amount received by her under said order. From this judgment she has appealed, and a motion to dismiss has been made on the ground that the order appealed from is an interlocutory decree which does not work irreparable injury. C. P. 566, 34 An. 1056.

The motion must prevail.

With the reasons which induced the judge to grant the order we have no concern; he is the guardian of the interest of the minors and may act in matters affecting their interests on any one's suggestion or on his own motion.

The judgment is clearly interlocutory and we do not see how it can cause irreparable injury; the tutrix should have in her hands the money entrusted to her possession as a fiduciary, and cannot legally use it. How she can be injured by transferring it to the registry of the Court is not easily understood.

Appeal dismissed.